LEWIS LENTZ, ET AL., *v.* LOUISVILLE & JEFFERSON COUNTY ASSOCIATION.

**Mortgage Foreclosure—Exhibits—Parties to Action—Ratification.**
> Only the mortgage and obligation it secures, or copies thereof, need be filed in a suit to foreclose. No evidences of the mortgagor's title need be filed.

**Parties to Action—Ratification.**
> Where a trustee holds a mortgage for bondholders, a majority of such holders may require him to enter suit; and whether such a suit was properly brought in the name of the trustee alone or not, the ratification of the foreclosure sale by a majority of the bondholders removes any doubt of the validity of the title of the purchaser.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 25, 1875.

OPINION BY JUDGE COFER:

We know of no rule of law or of practice which requires a mort-

gagee suing to foreclose a mortgage, to file with his petition the muniments of the mortgagor's title. The mortgage sought to be foreclosed was filed, and certainly the validity of the judgment is not affected by a failure to file other evidence of title.

The holders of a majority of the bonds have compelled the trustee to sue, or, upon his refusal, they themselves could have sued; and as such majority has ratified the sale, we are unable to perceive any reason why the sale is not as valid as if procured at their request.

Without deciding whether the suit was properly brought in the name of the trustee alone, we are satisfied that the ratification of the sale by the holders of a majority of the bonds has removed any doubt that might otherwise have existed as to whether appellants have acquired a title free from any claim by those bondholders who have not assented to the sale. But if it was conceded that these bondholders are not bound, and that they might hereafter assert their lien unless they are paid, it would furnish no ground for vacating the sale. The majority have elected to affirm the sale, and have thus placed themselves and the other holders in the same position they would have been in if those now ratifying had originally required the sale to be made.

This places the holders of the minority of the bonds in a position in which they are bound to accept payment of their bonds when tendered. If, then, the appellants doubt whether they may not still assert their lien, if they are not paid by the trustee, they may take steps to protect themselves from loss by suggesting their apprehensions, and asking the court to either allow them to retain enough money to pay the bonds held by those not assenting to the sale, or to compel the trustee to bring them into court to receive payment.

The common creditors of the corporation had no lien upon the land and were neither necessary or proper parties to the suit.

There is no evidence in the record to sustain the fifth exception, and if there was, the subsequent ratification by the corporation and the holders of three-fourths of the bonds, and the fact that the property sold for more than enough to pay in full all the bondholders, would cure any objection that might otherwise have existed because of a failure to sell at the hour designated in the judgment and advertisement.

Judgment *affirmed.*

*J. B. Cochran, for appellants.*
*Rozell, Weissenger, Pinkney & Green, for appellee.*